**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**TERRENCE MERRITT,**
      **Petitioner,**

**vs.**
                                **Case No. 5:08cv170/RS/MD**

**AGNES DAVIS, WARDEN,**
      **Respondent.**

_____

## REPORT AND RECOMMENDATION

This cause is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  (Doc. 1).  The filing fee has been paid. From a review of the record and the arguments presented, it is the opinion of the undersigned that petitioner has not demonstrated entitlement to proceed under § 2241 and that the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution, Marianna, Florida, is currently serving a sentence imposed by the United States District Court for the Northern District of Alabama ("Northern District of Alabama") in Case Number 2:00cr223.  The sentence was imposed upon petitioner's conviction of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. (Doc. 1, p. 2).  Petitioner did not appeal his conviction or sentence.  (*Id.*, p. 2).  On June 19, 2001 he challenged his sentence by filing, in the Northern District of Alabama, a motion to vacate pursuant to 28 U.S.C. § 2255.  The motion was denied on March 7, 2002.  (Doc. 1, pp. 2-3).

In the instant § 2241 petition, petitioner challenges the validity of his sentence on the grounds that his Criminal History Category ("CHC") was inaccurate.  (*Id.*, p. 3).  As relief, he seeks re-sentencing to a reduced sentence of 188 months.  (*Id.*, p. 6).

## DISCUSSION

Generally, the <u>execution</u> or carrying out of an initially valid confinement is the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted under 28 U.S.C. § 2255.  *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981);[1] *see, e.g., United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990); *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111 (5th Cir. 1990).  When a defendant previously filed a § 2255 motion, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255.  A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under § 2241.  *See Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999).  Although jurisdiction under § 2241 may be found through what has been referred to as "the savings clause" of the amended § 2255, this remedy is available only if petitioner establishes that the § 2255 remedy is inadequate or ineffective.  *See Wofford*, 177 F.3d at 1245; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Lane v. Hanberry*, 601 F.2d 805 (5th Cir. 1979).  In *Wofford*, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford* at 1244.

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

In the instant case, petitioner's claim is a § 2255 claim because he attacks the validity of his sentence as imposed.  He admits that he filed a previous § 2255 motion to vacate.  In the section of the petition form where petitioner is directed to explain why the remedy under 28 U.S.C. § 2255 was or is inadequate or ineffective, petitioner states:  "*Apprendi* claims, according to the R&R, were not cognizable under 2[8] U.S.C. § 2255, and if they were the Petitioner's sentence was within the range set by the United States Sentencing Guidelines."  (Doc. 1, p. 3).

The restrictions on second or successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  *Wofford,* 177 F.3d at 1238 (holding that a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the limitation on successive § 2255 motions by simply filing a petition under § 2241).  It is well established that the § 2255 remedy is not rendered inadequate or ineffective under the statute merely because § 2255 relief has already been denied, *see Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999); *In re Dorsainvil,* 119 F.3d 245, 251 (3rd Cir. 1997), or because petitioner may be unable to meet the prerequisites for filing a second or successive § 2255 motion, *see Wofford*, 177 F.3d at 1245; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2000); *United States v. Barrett,* 178 F.3d 34, 50 (1st Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).  Moreover, petitioner has made no showing that his claim meets the three-prong test in *Wofford*.  *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (regardless of whether *Blakely* established new rule of constitutional law, Supreme Court did not declare that rule was retroactive to cases on collateral review ); *In re Joshua,* 224 F.3d 1281, 1283 (11th Cir. 2000) (*Apprendi* does not apply retroactively to cases on collateral review).  Finally, petitioner does not raise a claim of actual innocence.

As petitioner has not demonstrated the inadequacy of the § 2255 remedy, he should not be permitted to bring his claim by § 2241.  To allow him to pursue his claim in this forum styled as a petition pursuant to § 2241 would render meaningless

the AEDPA's requirement that leave to file a second or successive § 2255 motion must be obtained from the appellate court of appropriate jurisdiction prior to filing, and Congressional attempts to curtail unnecessary second or successive filings. *See, e.g., Davenport*, 147 F.3d at 608.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) be DISMISSED with prejudice as petitioner has not demonstrated entitlement to proceed under that section, and that treated as a § 2255 motion the petition be summarily dismissed as an unauthorized second or successive motion.

At Pensacola, Florida, this 30th day of May, 2008.


/s/ *Miles Davis*

MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).